*33*

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

EQUAL EMPLOYMENT OPPORTUNITY )
COMMISSION, )
)
                  Applicant, )
)
v. )
)
CHRYSLER LLC, )
)
                  Respondent. )
)

Case:2:10-mc-51120
Judge: Roberts, Victoria A
MJ: Randon, Mark A.
Filed: 10-07-2010 At 02:06 PM
OTH EEOC V. CHRYSLER (DA)

## APPLICATION FOR ORDER TO SHOW CAUSE WHY
## THE EQUAL EMPLOYMENT OPPORTUNITY COMMISSION'S
## <u>SUBPOENA SHOULD NOT BE ENFORCED</u>

The Equal Employment Opportunity Commission ("EEOC" or the "Commission") states

the following in support of its Application:

1.     This is an action for the enforcement of the Commission's *subpoena duces tecum*

       pursuant to the Americans with Disabilities Act of 1990 ("ADA"), as amended, 42 U.S.C.

       §§ 12101 *et. seq.*, and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et.*

       *seq.* ("Title VII").

2.     Jurisdiction is conferred upon this Court by Sections 706(f)(1) and (3) of Title VII of the

       Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(f)(1) and (3) and Section 107 of the ADA,

       42 U.S.C. § 12117, which adopts Section 706(a) and (b) of Title VII of the Civil Rights

       Act of 1964, 42 U.S.C. Section 2000e-5(a) and (b).

3.     The Commission is the federal agency charged with the investigation and administration

       of charges of unlawful discriminatory employment practices in violation of the ADA and

Title VII. Such powers, remedies and procedures for enforcement are provided by Section 107 of the ADA, 42 U.S.C. § 12117, *et. seq.* and Section 706(a) and (b) of Title VII, 42 U.S.C. § 2000e-5(a) and (b).

4.      The Respondent, Chrysler, conducts business at 1000 Chrysler Drive, SIMS 485-08-10, Auburn Hills, MI 48236.

5.      The attached affidavit of Gail D. Cober, Field Director of the Detroit Field Office of the Commission, provides the factual basis for this Application, and the affidavit and attached exhibits are incorporated by reference to this Application. [Exhibit A: Affidavit of Gail D. Cober].

6.      On September 16, 2008, Trenton Hudson (hereinafter "Hudson") filed an amended Charge of Discrimination alleging that Respondent unlawfully failed to accommodate his disability in violation of the Americans with Disabilities Act, 42 U.S.C. §§ 12101 *et. seq.*, and failed to grant him a "disqualification" from the janitor code on the basis of his race in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et. seq.*

7.      This Charge was served on Respondent on September 17, 2008. [Exhibit B: Charge of Discrimination and Notice of Charge of Discrimination].

8.      On May 18, 2009, the Commission issued a Request for Information ("RFI") wherein it sought documents containing information necessary to its investigation of the charge. Respondent failed to provide the information requested.

9.      Thereafter, the Commission issued Subpoena DT 09-140 and demanded that Respondent respond to its RFI. Subpoena DT 09-140 was served via certified mail to the Respondent and received on July 13, 2009. [Exhibit C: Subpoena DT 09-140]; [Exhibit D: Tracking and Confirmation]. Respondent confirmed receipt of the Subpoena. [Exhibit E: E-Mail

Messages].

10.    The subpoena directed the Respondent to mail certain documentation to the

Commission's Detroit District Office by July 19, 2009, at 12:00 p.m.

11.    On July 16, 2009, Respondent e-mailed the Commission and requested an extension to

August 3, 2009, which the Commission granted.  On August 4, 2009, Respondent

requested another extension to August 14, 2009, which was denied.  Regardless, to date,

Respondent has failed to produce any documents in compliance with Subpoena DT 09-

140.

12.    Efforts regarding voluntary compliance prior to filing this action


WHEREFORE, the Equal Employment Opportunity Commission requests:

A.    That an Order to Show Cause be issued forthwith directing Respondent to appear

before this Court on a date certain, to be indicated in the attached Order, and to

show cause, if there be any, why the Commission's subpoena should not be

enforced;

B.    That upon return of said Order to Show Cause, this Court issue an Order directing

the Respondent to comply with the subpoena; and

C.    That this Court grant the Commission its costs and further relief as may be just

and appropriate.

Respectfully submitted,

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

LAURIE YOUNG
Regional Attorney

DEBORAH BARNO (P44525)
Supervisory Trial Attorney

Dated: October ___7___, 2010

TREK K. CARETHERS (P57016)
Trial Attorney
Patrick V. McNamara Federal Building
477 Michigan Ave, Room 865
Detroit, Michigan 48226

4

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

EQUAL EMPLOYMENT OPPORTUNITY )
COMMISSION,                   )

                Applicant,

v.

CHRYSLER LLC,                 )
                              )
                Respondent.   )
_____)

Case:2:10-mc-51120
Judge: Roberts, Victoria A
MJ: Randon, Mark A.
Filed: 10-07-2010 At 02:06 PM
OTH EEOC V. CHRYSLER (DA)

## MEMORANDUM OF LAW IN SUPPORT OF APPLICATION FOR ORDER
## TO SHOW CAUSE WHY COMMISSION'S ADMINISTRATIVE
## SUBPOENA SHOULD NOT BE ENFORCED

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION

LAURIE YOUNG
Regional Attorney

DEBORAH BARNO (P44525)
Supervisory Trial Attorney

TREK K. CARETHERS (P57016)
Trial Attorney

DETROIT FIELD OFFICE
Patrick V. McNamara Federal Building
477 Michigan Ave, Room 865
Detroit, Michigan 48226

## **TABLE OF CONTENTS**                                    **Page**

TABLE OF AUTHORITIES ................................................................................................ iii

STATEMENT OF QUESTIONS PRESENTED........................................................... iv

STATEMENT OF FACTS ...............................................................................................1

      A.     Introduction............................................................................................1

      B.     The Requested Documents Are Relevant to the Charge...........................1

      C.     Respondent Does Not Administratively Challenge Subpoena ................................3

LEGAL ANALYSIS...........................................................................................................3

      A.     Any Respondent Objection to Subpoena Should Not Be Heard
             Due to Respondent's Failure to Utilize 29 C.F.R. § 1601.16(b) ............................3

      B.     Subpoena Should Be Enforced Because EEOC Has Power to Issue
             Subpoenas and the Documents Sought Are Relevant.............................................4

RELIEF REQUESTED........................................................................................................8

INDEX OF EXHIBITS........................................................................................................9

## <u>TABLE OF AUTHORITIES</u>

### <u>CASES</u>

<u>EEOC v. Ford Motor Credit</u>, 26 F.3d 44, 47 (6th Cir. 1994) ...........................................................5

<u>EEOC v. Lutheran Soc. Serv.</u>, 186 F.3d 959 (D.C. Cir. 1999)......................................................4

<u>EEOC v. Roadway Express, Inc.</u>, 261 F.3d 634, 637 (6th Cir. 2001) ..........................................5,6

<u>EEOC v. Shell Oil</u>, 466 U.S. 54 (1984) .........................................................................................5

<u>Univ. of Penn. v. EEOC</u>, 493 U.S. 182, 110 S.Ct. 577, 584 (1990)...........................................5,7

### <u>STATUTES</u>

42 U.S.C. § 2000e *et. seq.*...........................................................................................................1

42 U.S.C. § 2000e-8(a) .................................................................................................................5

42 U.S.C. § 2000e-8(e) ...............................................................................................................6,7

42 U.S.C. § 2000e-9......................................................................................................................5

### <u>REGULATIONS</u>

29 C.F.R. § 1601.16(a)(2).............................................................................................................4

29 C.F.R. § 1601.16(b)(1)...........................................................................................................3,4

## STATEMENT OF QUESTIONS PRESENTED

1.      Is Respondent barred from challenging judicial enforcement of the subpoena due to its failure to exhaust available administrative remedies?

        The Commission says:      Yes.

2.      Should the Court enforce the Commission's subpoena to compel Respondent to produce a personnel file and other information regarding other employees that is relevant to its investigation of the Charge of Discrimination?

        The Commission says:      Yes.

3.      Should the Court reject Respondent's assertions that it is entitled to withhold the requested information because it is irrelevant and it must protect the confidential nature of its employee's information?

        The Commission says:      Yes.

## I.      STATEMENT OF FACTS

### A.      Introduction

This matter is before the Court on the application of the Equal Employment Opportunity Commission (hereinafter the "EEOC" or "Commission") for an order to show cause why an administrative subpoena should not be enforced.  The EEOC is attempting to investigate an amended charge of discrimination filed on September 16, 2008 against Chrysler (hereinafter "Chrysler" or "Respondent") under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et. seq.* (hereinafter "Title VII"), and Title I of the Americans with Disabilities Act of 1990 ("ADA"), as amended, 42 U.S.C. §§ 12101 *et. seq.* (hereinafter "ADA").  Specifically, Charging Party Trenton Hudson, a Janitor or Laborer, alleged that Respondent, because of his race and disability, and in violation of Title VII and the ADA, refused to accommodate his disability. **[Exhibit B: Charge]**.  Notice of this Charge of Discrimination was mailed to the Respondent on September 17, 2008.   In the course of its investigation, the EEOC issued a subpoena seeking documents relating to that investigation.

### B.      The Requested Documents Are Relevant the Charge

To investigate this Charge, the Commission issued a request for information to the Respondent on May 18, 2009.  This request was addressed to Ms. Lori Otis of Chrysler. Chrysler failed to respond to this request.   Having unsuccessfully sought voluntary compliance, the Commission on July 13, 2009 served by certified mail Subpoena DT 09-140 to Respondent and demanded that Respondent comply with its request. [Exhibit E: USPS Tracking and Confirming]. On July 16, 2009, Annette Smith-Worthy, Staff Advisor and EEO Specialist for Chrysler, replied via email, acknowledged receipt of the Subpoena, and requested an extension until August 3, 2009, which was granted. [Exhibit E: Email Messages]. Subpoena DT 09-140 specifically

1

requested the following relevant documents:

1. Provide a copy of the Charging Party's medical file (Medical Authorization and Release form enclosed);

2. Provide a copy of any and all documents which reflects the Charging Party's request for a reasonable accommodation;

3. Provide a copy of the Respondent's reasonable accommodation policy in effect at the time of the Charging Party's allegation;

4. Provide a copy of the Respondent's disqualification/transfer policy in effect at the time of the Charging Party's allegation;

5. Provide a copy of any and all documents which list the name, race, whether disabled or not, whether being reasonably accommodated or not, seniority date and name of Supervisor of all 2nd shifts Janitors/Laborers that worked at the same plant as the Charging Party from October 1, 2007, to the present, if no longer employed provide last known address and telephone number;

6. Provide a copy of any and all documents which lists the name, race, whether disabled or not, job title of all 2nd shift Supervisors that worked at the same plant as the Charging Party from October 1, 2007, to the present, if no longer employed provide, then provide last known address and telephone number;

7. Provide a copy of any and all documents which reflects the name, race, and job title of the person(s), and the date the transfer was granted, who decided to grant the Charging Party's transfer to department #3368;

8. Provide a copy of any and all documents which reflects the name, race, and date(s) the Charging Party was denied disqualification(s) and job title of the person(s) who denied the Charging Party request to be "disqualified" and moved back to his previous department;

9. Provide a copy of any and all documents which list the name, race, whether disabled or not, whether reasonable accommodated or not of all 2nd shift Janitor/Laborers who were "disqualified" from department #3602. Also, provide any and all documentation which reflects the date of disqualification, date of transfer and which department each was transferred to and whether the transfer was a reasonable accommodation;

10. Provide a copy of any and all documents which reflects the name and race of the person(s) and position and title of the person(s) making the final decision to allow the Janitor/Laborers from question 5 to be "disqualified" and transferred;

11. Provide a copy of any and all documents which reflect why Madelene Madej was granted her request to be disqualified, the date the disqualification was granted, the name and race of the person granting the disqualification. Also, provide a copy of any and all documents relating to Ms. Madej's disqualification; and,

12. Provide a copy of any and all documents which reflect why Mrs. Stinson was denied her request to be disqualified, the date the disqualification was granted, the name and race of the person who denied her request for disqualification.

[Exhibit C: Subpoena DT 09-140].  On August 4, 2009, Annette Smith-Worthy again e-mailed the

Commission and asked for another extension until August 14, 2009.  The Commission notified

her that it could not grant another extension. [Exhibit E: Email Messages]. To this date, the EEOC still has not received the documents. Consequently, the EEOC has no other alternative but to turn to this Honorable Court to seek enforcement of Subpoena DT 09-140.

  C.  *Respondent Does Not Administratively Challenge Subpoena*

  Quite importantly, the Respondent never sought administrative review of Subpoena DT 09-140. Specifically, Title 29, Section 1601.16(b) of the Code of Federal Regulations clearly permits a Respondent to object to any subpoena the Respondent feels is beyond the scope of the EEOC's authority or the Charge. Notwithstanding clear EEOC administrative regulations permitting a Respondent to challenge said subpoena, Respondent never sought administrative relief from the subpoena by filing a petition to revoke or modify the subpoena with the Commission. Instead, Respondent has failed to comply with the Subpoena.

## II.  LEGAL ANALYSIS

  Subpoena DT 09-140 should be enforced by this Honorable Court because Respondent failed to exhaust their administrative remedies by filing objections to said subpoena, the EEOC has the power to subpoena documents pursuant to 42 U.S.C. § 2000e-8(a), and the documents sought by the EEOC are all relevant to the Charge.

  A.  Any Respondent Objection to Subpoena Should Not Be Heard Due to Its Failure to Utilize 29 C.F.R. § 1601.16(b)

  Any objections by the Respondent to the enforcement of Subpoena DT 09-140 should not be heard due to the Respondent's failure to exhaust its administrative remedies by timely filing objections to the subpoena. Unquestionably, the Commission's regulations provide a party with the opportunity to object to a subpoena. Specifically, § 1601.16(b)(1) states in pertinent part:

> Any person served with a subpoena who intends not to comply **shall** petition . . . to seek its revocation or modification. Petitions must be mailed to the Director or

3

General Counsel, as appropriate, within five days.

29 C.F.R. § 1601.16(b)(1) (emphasis supplied). Although the Court is not precluded from considering issues raised by Respondent that were not first presented to the Commission, Respondent's failure to comply with § 1601.16(b) "creates a strong presumption that [the] issues parties fail to present to the agency will not be heard in court." EEOC v. Lutheran Soc. Serv., 186 F.3d 959, 964 (D.C. Cir. 1999). Moreover, where the Respondent's objection is based on relevance and particularity, the court will "comfortably defer" to the Commission's expertise. Id. at 965. In determining whether the recipient of a Commission subpoena can sufficiently defeat this presumption, courts may consider any extraordinary circumstances surrounding the recipient's failure to file a § 1601.16(b) petition. Id. at 964 (emphasis supplied).

In this case, there are absolutely no circumstances that warrant excusing Respondent's failure to file a § 1601.16(b) petition. Respondent was aware of the subpoena. Thus, the Respondent's failure to utilize the administrative procedures under § 1601.16(b), coupled with its failure to comply with the subpoena, plainly indicate that this Court should enforce the Commission's subpoena in its entirety.

B.      Subpoena Should Be Enforced Because EEOC Has Power to Issue Subpoenas and the Documents Sought Are Relevant

Moreover, Subpoena DT 09-140 should be enforced in its entirety because the EEOC has the authority to issue such subpoenas and the requested documents are relevant to the charges of discrimination. Congress has conferred several investigatory powers upon the Commission to enable it to adequately investigate Charges of Discrimination. One of these powers is the power to issue a subpoena requiring the production of evidence. 29 C.F.R. § 1601.16(a)(2). To enable the Commission to make informed decisions at each stage of the enforcement process, the

4

Commission was granted a broad right of access to relevant evidence:

> The Commission or its designated representative shall at all reasonable times have access to, for the purpose of examination, and the right to copy any evidence of any person being investigated or proceeded against that relates to unlawful employment practices covered by [the Act] and is relevant to the charge under investigation.

42 U.S.C. § 2000e-8(a).   If an employer refuses to provide this information voluntarily, the Act authorizes the Commission to issue a subpoena and, if necessary, seek a court order to enforce the subpoena.  42 U.S.C. § 2000e-9.  Courts interpret the term "relevant" expansively to afford "the EEOC access to virtually any material that might cast light on the allegations against the employer." EEOC v. Roadway Express, Inc., 261 F.3d 634, 637 (6th Cir. 2001) (citing EEOC v. Shell Oil, 466 U.S. 54, 68-69 (1984)); see also, EEOC v. Ford Motor Credit, 26 F.3d 44, 47 (6th Cir. 1994) (noting that Congress intended the EEOC to have broad access to information); Univ. of Penn. v. EEOC, 493 U.S. 182, 110 S.Ct. 577, 584 (1990) (affirming that the EEOC need only show that the requested material is "relevant" to the investigation of the charge).  When asked to enforce a Commission subpoena, the role of the Court is not to determine whether the charge of discrimination is "well founded" or "verifiable." Shell Oil, supra at 72, n. 26.  Rather, a subpoena enforcement proceeding is a summary process designed to decide expeditiously whether a subpoena should be enforced. The proceeding is not the proper time to litigate the merits of a claim, either procedurally or substantively. EEOC v. Roadway Express, Inc., 750 F.2d 40, 42 (6th Cir. 1984).

In this matter, the Commission is seeking production of all of the documents requested by the subpoena. See infra at 2.  Since Charging Party Trenton Hudson was employed as a janitor who alleged he was denied a reasonable accommodation for his disability, namely "disqualification" from a position, and denied on the basis of his race, then it is clearly relevant to

5

seek documents shedding light on Respondent's disqualification (transfer) policy, the identity of those janitors and shift supervisors who worked at Charging Party's facility who did receive a disqualification, and the identity of those making the decisions regarding disqualification. It is also clearly relevant to request Mr. Hudson's medical file and any requests he made for accommodation to establish what Chrysler knew about his disability and that they actually received his requests for accommodation. It is further relevant to seek documentation on other specific employees who may have received preferential treatment on the basis of race as it relates to disqualification of individuals who are "comparables" to the Charging Party or may have suffered the same fate as Charging Party due to their race. The subpoena passes the liberal relevancy test set forth by the law. Moreover, the subpoena is narrow, straightforward, and poses absolutely no burden on Respondent. Thus, this Honorable Court should enforce this subpoena because the EEOC has the authority to issue such subpoenas and the requested documents are indisputably relevant to the investigation of Mr. Hudson's allegations.

Incidentally, Respondent may attempt to argue that said documents should not be released because they are "confidential" or "personal." Regardless, the subpoena should still be enforced because this is not sufficient grounds to circumvent the EEOC's power to investigate claims of discrimination. The Commission is the federal agency charged with investigating claims of discrimination in the work place. To fulfill its mission, it must regularly obtain from the employer personal information regarding both the complaining employee and other employees. There are statutory provisions in place to safeguard the confidentiality of records which may be obtained by the Commission during an investigation. Under 42 U.S.C. § 2000e-8(e), it is "unlawful for any officer or employee of the Commission to make public in any manner whatever

6

any information obtained by the Commission pursuant to its authority under this section prior to the institution of any proceeding under this subchapter involving such information." 42 U.S.C. § 2000e-8(e) also criminalizes unlawful disclosures by providing that "[a]ny officer or employee of the Commission who shall make public in any manner whatever any information in violation of this subsection shall be guilty of a misdemeanor and upon conviction thereof, shall be fined not more than $1,000, or imprisoned not more than one year."

The United States Supreme Court interpreted these statutory provisions in <u>Univ. of Penn. v. EEOC</u>, <u>supra</u>, to require the University to comply with the Commission's subpoena. The Commission issued a subpoena to obtain tenure files for its faculty members. The University refused to produce these files on the basis that the information was confidential and privileged. The lower courts ordered enforcement of the subpoena. On appeal, the Supreme Court determined that when Congress enacted these statutory provisions it considered the employer's concerns regarding confidentiality and put in place statutory protections. In addition, Congress chose not to enact additional protections. After acknowledging that the statutory protections were "less than complete" and offered a "modicum of protection," the Court concluded that the Commission was entitled to have its subpoena enforced in accordance with the statute.

As in <u>Univ. of Penn.</u>, <u>supra</u>, the Commission is entitled to have its subpoena enforced in this case. There is absolutely no reason to allow a Respondent to ignore the Commission's subpoena and withhold the requested information on the basis that it is personal or confidential. This Court should therefore reject any argument by Respondent that the subpoena should not be enforced because the information sought is "personal and confidential" and enter an order enforcing the Commission's subpoena.

7

III.    RELIEF REQUESTED

For the foregoing reasons, the Commission respectfully requests that this Court grant its

*Application for an Order to Show Cause* and require Respondent to show cause why the subpoena

should not be enforced.

Respectfully submitted,

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION

LAURIE YOUNG
Regional Attorney

DEBORAH BARNO (P44525)
Supervisory Trial Attorney

Dated: October 7, 2010

TREK K. CARETHERS (P57016)
Trial Attorney

DETROIT FIELD OFFICE
Patrick V. McNamara Federal Building
477 Michigan Ave, Room 865
Detroit, Michigan 48226

8

## <u>INDEX OF EXHIBITS</u>

Affidavit of Gail D. Cober ............................................................................................. A

Charge of Discrimination and Notice of Charge of Discrimination ............................................... B

Subpoena DT 09-140 ................................................................................................... C

USPS Tracking and Confirmation ................................................................................. D

Email Messages ....................................................................................................... E

## **INDEX OF EXHIBITS**

Affidavit of Gail D. Cober ............................................................................................ A

Charge of Discrimination and Notice of Charge of Discrimination ............................... B

Subpoena DT 09-140 ................................................................................................... C

USPS Tracking and Confirmation ................................................................................ D

Email Messages ...........................................................................................................E

# Exhibit A

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Applicant, | ) ) | MISC. ACTION NO. |
| v. | ) ) | Honorable |
| CHRYSLER LLC, | ) ) ) | |
| Respondent. | ) ) | |

_____ )

## AFFIDAVIT OF GAIL D. COBER

I, Gail D. Cober, solemnly state as follows:

1.     I am the Director of the Detroit Field Office of the Equal Employment
       Opportunity Commission ("EEOC" or "Commission") and am responsible for the
       operations of the office, including the investigation of charges of employment
       discrimination.

2.     The Detroit Field Office is responsible for investigating charges of discrimination
       regarding employment practices made unlawful by the Americans with
       Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101 *et. seq.*, and Title VII
       of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et. seq.*

3.     Among the EEOC's investigative files in the Detroit Field Office is the charge file
       for Charge No. 846-2008-26330 ("Charge"), filed by Charging Party Trenton
       Hudson against Chrysler ("Respondent").

4.     I state the following based on my personal examination of the file for Charge No.

846-2008-26330:

a.  Charging Party Trenton Hudson filed an amended Charge of Discrimination against Chrysler on September 16, 2008 (Exhibit B).

b.  This amended Charge was filed under the Americans with Disabilities Act, 42 U.S.C. §§ 12101 *et. seq.*, and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et. seq.* and alleges that Respondent discriminated against Hudson on the basis of his disability and race.

c.  On September 17, 2008, the EEOC served the Respondent with this Charge and a Notice of the Charge.

d.  During the course of the investigation, Respondent was served with Subpoena DT 09-140 to compel Respondent to produce information necessary for the Commission to conduct a thorough investigation.

e.  To date, Respondent has failed to comply with Subpoena DT 09-140.


I declare under penalty of perjury that the foregoing is true and correct.

Gail D. Cober, Director
Detroit Field Office

Date:  October 7 , 2010

# Exhibit B

EEOC FORM 131 (5/01)

## U.S. Equal Employment Opportunity Commission

|  | PERSON FILING CHARGE |
|---|---|
| CHRYSLER CORPORATION<br>Attn: Human Resource Manager<br>1000 Chrysler Drive<br>CIMS 485-08-10<br>Auburn Hills, MI 48326 | **Trenton Hudson** |
|  | THIS PERSON *(check one or both)* |
|  | [X] Claims To Be Aggrieved |
|  | [ ] Is Filing on Behalf of Other(s) |
|  | EEOC CHARGE NO.<br>**846-2008-26330** |

## NOTICE OF CHARGE OF DISCRIMINATION
*(See the enclosed for additional information)*

This is notice that a charge of employment discrimination has been filed against your organization under:

[X] Title VII of the Civil Rights Act      [ ] The Americans with Disabilities Act

[ ] The Age Discrimination in Employment Act      [ ] The Equal Pay Act

The boxes checked below apply to our handling of this charge:

1. [X] No action is required by you at this time.

2. [ ] Please call the EEOC Representative listed below concerning the further handling of this charge.

3. [ ] Please provide by _____ a statement of your position on the issues covered by this charge, with copies of any supporting documentation to the EEOC Representative listed below. Your response will be placed in the file and considered as we investigate the charge. A prompt response to this request will make it easier to conclude our investigation.

4. [ ] Please respond fully by _____ to the enclosed request for information and send your response to the EEOC Representative listed below. Your response will be placed in the file and considered as we investigate the charge. A prompt response to this request will make it easier to conclude our investigation.

5. [ ] EEOC has a Mediation program that gives parties an opportunity to resolve the issues of a charge without extensive investigation or expenditure of resources. If you would like to participate, please say so on the enclosed form and respond by _____ to _____

   If you DO NOT wish to try Mediation, you must respond to any request(s) made above by the date(s) specified there.

For further inquiry on this matter, please use the charge number shown above. Your position statement, your response to our request for information, or any inquiry you may have should be directed to:

| **Sheri L. Nixon,**<br>**Investigator** | **Detroit Field Office**<br>**477 Michigan Avenue**<br>**Room 865**<br>**Detroit, MI 48226** |
|---|---|
| *EEOC Representative* | |
| *Telephone*    **(313) 226-3896** | |

Enclosure(s): [ ] Copy of Charge

---

CIRCUMSTANCES OF ALLEGED DISCRIMINATION

[X] RACE   [ ] COLOR   [ ] SEX   [ ] RELIGION   [ ] NATIONAL ORIGIN   [ ] AGE   [ ] DISABILITY   [ ] RETALIATION   [ ] OTHER

**ISSUES:** Terms/Conditions

DATE(S) (on or about):  EARLIEST: 10-08-2007  LATEST: 10-09-2007

| Date | Name / Title of Authorized Official | Signature |
|---|---|---|
| **September 17, 2008** | **Danny G. Harter,**<br>**Director** | *Danny G. Harter* |

CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| ☐ FEPA | |
| ☒ EEOC | 846-2008-26330 |

**Michigan Department Of Civil Rights** and EEOC

*State or local Agency, if any*

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone *(Incl. Area Code)* | Date of Birth |
|---|---|---|
| **Mr. Trenton Hudson** | **(313) 640-7772** | **05-13-1971** |

| Street Address | City, State and ZIP Code |
|---|---|
| **5736 Whittier St., Detroit, MI 48224** | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| **CHRYSLER CORPORATION** | **500 or More** | **(248) 512-2136** |

| Street Address | City, State and ZIP Code |
|---|---|
| **1000 Chrysler Drive, CIMS 485-08-10, Auburn Hills, MI 48326** | |

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

| DISCRIMINATION BASED ON *(Check appropriate box(es).)* | DATE(S) DISCRIMINATION TOOK PLACE | |
|---|---|---|
| | Earliest | Latest |
| ☒ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN | **10-08-2007** | **10-09-2007** |
| ☐ RETALIATION  ☐ AGE  ☒ DISABILITY  ☐ OTHER *(Specify below.)* | ☒ CONTINUING ACTION | |

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

**This charge is amended to include disability discrimination.**

I began working for the above-named employer on 21 November 1994; I am currently employed as a Janitor/Laborer. I am a qualified individual with a disability.

On 08 October 2007, I requested to have a disqualification of my janitor code due to my medical condition.

On 09 October 2007, my request was refused.

I know of white individuals that have not been treated in this manner and I do not believe black individuals are being granted this request.

I believe that I was subjected to different terms and conditions of employment due to my disability and race, black, in violation of Title VII of the Civil Rights Act of 1964, as amended and the Americans with Disabilities Act of 1990, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY - When necessary for State and Local Agency Requirements |
|---|---|
| | *Richard Lawrence Wiseman* |
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| 10-10-08  *[signature]* | *[signature]* |
| Date      Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* 10-10-08 |
| | Dec. 28, 2014 Expir. Date |

# Exhibit C

EEOC Form 136
(Test 10/94)

# UNITED STATES OF AMERICA

## EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

_____

# SUBPOENA

TO:     Lori Otis                                      NO.        DT-09-140

Chrysler Corporation

1000 Chrysler Drive

CIMS 485-08-10

Auburn Hills, MI 48326

IN THE MATTER OF:       Trenton Hudson v Chrysler Corporation

Charge No.       846-2008-26330

Having failed to comply with previous request(s) made by or on behalf of the undersigned Commission official,  YOU ARE HEREBY REQUIRED AND DIRECTED TO:

[ ]  Testify before:        [ ] Produce and bring *  or  [ X ]  Mail *  the documents described below to:

[ ]  Produce access to the evidence described below for the purpose of examination or copying to:

Kimberly Nicholson, Investigator                   of the Equal Employment Opportunity Commission

at   477 Michigan Avenue, Room 865, Detroit, MI 48226     on   July 19, 2009      at     5:00 pm   o'clock

The evidence required is
(SEE ATTACHED)

This subpoena is issued pursuant   [ x ] (Title VII) 42 U.S.C. 2000e-9    [ ] (ADEA) 29 U.S.C. 626(a)    [ ] (EPA) 29 U.S.C.209

[ x ] (ADA) 42 U.S.C. 12117(a)

ISSUING OFFICIAL (Typed name, title and address)        ON BEHALF OF THE COMMISSION

Danny  G. Harter
EEOC District Director
477 Michigan Avenue, Room 865
Detroit, MI 48226

_(signature)_        7/09/09

Date

*NOTICE TO PERSON SUBPOENAED - The Commission will not pay witness fees or travel expenses for the delivery of required documents to a Commission office unless the box "Testify before" is also checked on the subpoena.

# SUBPOENA

## PROOF OF SERVICE

I hereby certify that being over 18 years of age and not a party to or any way interested in these proceedings, I duly served a copy of the subpoena on the persons named in this subpoena.

☐ in person

☒ by certified mail

☐ by leaving a copy with a responsible person, at the

principal office or place of business, to wit:

Name _____ Kimberly Nicholson _____

Position _____ Investigator _____

Address _____ EEOC - 477 Michigan Avenue, Rm. 865, Detroit, MI 48226 _____

On _____ 7/09/09 _____

*(Mo, day & year)*

_____

*(Signature of person making service)*

_____

*(Official title, if any)*

State _____ Michigan _____

Parish/
County _____ Wayne _____

### CERTIFICATION OF ATTENDANCE

I certify that the person named herein was in attendance and satisfactorily produced the records requested or gave oral testimony at

On _____

*(Mo, day & year)*

_____

*(Signature of person making service)*

_____

*(Official title, if any)*

Page 2 of Form 136 (Test 10/94)

Attachment to Subpoena No.    DT-09-140    Charge No. 846-2008-26330

1. Provide a copy of the Charging Party's medical file. ( Medical Authorization and Release form enclosed)

2. Provide a copy of any and all documents which reflects the Charging Party requests for a reasonable accommodation.

3. Provide a copy of the Respondent's reasonable accommodation policy in effect at the time of the Charging Party's allegation.

4. Provide a copy of the Respondent's disqualification/transfer policy in effect at the time of the Charging Party's allegation.

5. Provide a copy of any and all documents which list the name, race, whether disabled or not, whether being reasonably accommodated or not, seniority date and name of Supervisor of all 2nd shifts Janitors/Laborer that worked at the same plant as the Charging Party from October 1, 2007, to the present, if no longer employed provide last known address and telephone number.

6. Provide a copy of any and all documents which lists the name, race, whether disabled or not job title of all 2nd shift Supervisors that worked at the same plant as the Charging Party from October 1, 2007, to the present, if no longer employed provide last known address and telephone number.

7. Provide a copy of any and all documents which reflects the name, race and job title of the person(s) and the date the transfer was granted who decided to grant the Charging Party's transfer to department #3368.

8. Provide a copy of any and all documents which reflects the name, race and date (s) the Charging Party was denied disqualification (s) and job title of the person (s) who denied the Charging Party request to be "disqualified" and moved back to his previous department.

9. Provide a copy of any and all documents which list the name, race, whether disabled or not, whether reasonable accommodated or not of all 2nd shift Janitor/Labors who were "disqualified" from department #3602. Also, provide any and all documentation which reflects the date of disqualification, date of transfer and which department each was transferred to and whether the transfer was a reasonable accommodation.

10. Provide a copy of any and all documents which reflects the name and race of the person(s) and position and title of the person (s) making the final decision to allow the Janitor/Labors from question 5 to be "disqualified" and transferred.

11. Provide a copy of any and all documents which reflect why Madelene Madej was granted her request to be disqualified, the date the disqualification was granted, the name and race of the person granting the disqualification. Also, provide a copy of any and all documents relating to Ms. Madej's disqualification.

12. Provide a copy of any and all documents which reflect why Mrs. Stinson was denied her request to be disqualified, the date the disqualification was granted, the name and race of the person who denied her request for disqualification.

7/09/09
Date

Danny G. Harter
District Director

# Exhibit D



**UNITED STATES POSTAL SERVICE®**

Home | He

**Track & Confirm**

# Track & Confirm

## Search Results

Label/Receipt Number: **7002 2030 0002 7517 1148**
Service(s): **Certified Mail™**
Status: **Delivered**

Your item was delivered at 7:24 AM on July 13, 2009 in PONTIAC, MI 48343.

**Track & Confirm**

Enter Label/Receipt Number.

Detailed Results:
- **Delivered, July 13, 2009, 7:24 am, PONTIAC, MI 48343**
- **Arrival at Unit, July 13, 2009, 5:54 am, PONTIAC, MI 48343**

## Notification Options

**Track & Confirm by email**

Get current event information or updates for your item sent to you or others by email.    ( Go > )

Site Map    Customer Service    Forms    Gov't Services    Careers    Privacy Policy    Terms of Use    Business Customer Gat

Copyright© 2009 USPS. All Rights Reserved.    No FEAR Act EEO Data    FOIA

# Exhibit E

**From:**      <ams31@chrysler.com>
**To:**        KIMBERLY.NICHOLSON@EEOC.GOV
**Date:**      7/16/2009 2:09:12 PM
**Subject:**   Trenton Hudson v Chrysler Corp Charge No: 846-2008-26330

The entire corporation is on shut down until July 27, 2009.  I have
received your Subpoena.  I respectfully ask if I can have an extension
until August 3, 2009 in order to work with the facility and obtain the
information from the appropriate parties to answer your request.  Please
advise if you can accommodate my request.  Thanks in advance for your
assistance and consideration in this matter.


Annette M. Smith-Worthy
Staff Advisor / EEO Specialist
Talent Management, Global Diversity and
Leadership Development
Chrysler LLC
Phone: (248) 512-2194  tie-line 722-2194
Fax: (248) 512-0638  email: ams31@chrysler.com

**From:**     KIMBERLY NICHOLSON
**To:**        ams31@chrysler.com
**Subject:**  Re: Trenton Hudson and Ava Prescott - Chrysler Cases

I cannot grant another extension to the supoena, you can continue to gather the information while this charge is sent over to the legal department for further action.  Did you decide wheter you were going to offer Ms Prescott and Mr Trenton a settlement offer.

>>> <ams31@chrysler.com> 8/4/2009 11:37 AM >>>
I am writing you to respectfully request that you allow me until August 14, 2009 to provide you the information you have requested regarding both cases Trenton Hudson v Chrysler  Corp Charge No: 846-2008-26330 and Ava Prescott EEOC Charge No. 471-2008-01870.  Ava Prescott we have discussed before I will send you what I have.  Trenton Hudson - there was some difficulty receiving the information because the Medical Department and Plant Personnel were off  due to the recent bankruptcy filing and subsequent shut down.  Please advise if you will allow the additional time.  I thank you in advance for any consideration that is given.  Have a great day.


Annette M. Smith-Worthy
Staff Advisor / EEO Specialist
Talent Acquisition, Training, Global Diversity and Compliance
Chrysler Group LLC
Phone: (248) 512-2194  tie-line 722-2194
Fax: (248) 512-0638  email: ams31@chrysler.com